Aaron Echols Sr.
P.O. Box 34196
Los Angeles, CA 90034
Tel: 310-339-9059

Petitioner In Pro Per

FEE PAID
PAID
DEC 2 4 2020
Clerk, US District Court
COURT 4612

FILED
CLERK, U.S. DISTRICT COURT
DEC 17 2020
CENTRAL DISTRICT OF CALIFORNIA
BY: RS DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AARON ECHOLS SR, <br><br> Petitioner, <br><br> Vs. <br><br> LOS ANGELES COUNTY CHILD SUPPORT SERVICES, <br> And does 1 through 10 <br><br> Respondent. | CASE NO.: 2:20-CV-11625-JFW-AFMx <br><br> **PETITION FOR WRIT OF MANDAMUS** <br><br> Pursuant to Fed. Rule 28 U.S.C. 1361 and Fed. Rule 28 U.S.C. 1391(e) <br><br> DATE: December 14, 2020 |

Petitioner hereby asks the court to issue a Writ of Mandate to vacate the default judgment or in alternative quash service of summons against Petitioner, because the County of Los Angeles had no jurisdiction over Petitioner for reasons and on grounds as more fully set forth herein below.

Respectfully submitted,

Dated: December 14, 2020

By: _____
Aaron Echols
Petitioner In Pro Per

---

Petition for Writ of Mandamus

# MEMORANDUM POINTS AND AUTHORITIES

## INTRODUCTION

In or about November 24, 1998, the County of Los Angeles entered a default judgment against the Petitioner stating that the Petitioner fail to appear for a child support hearing.

In or about February 19, 1999, Petitioner was served a copy of the default against him at his job. Within the time allotted to reply, the Petitioner filed a motion to set aside the default due to the Petitioner had never been given notice of any hearing regarding child support or any other matter. Even after showing the court a copy of the proof of service that was on file with Child Support, and showing that the summons was served at an address the Petitioner didn't reside at nor had every lived; alone with the fact that the summon was served on an unknown female.

Even after proving to the court that I was never served the court still denied Petitioner motion to set aside the default judgment.

//
//

## ARGUMENT

### Federal Question Jurisdiction

The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff. **Fed. Rule 28 U.S.C. 1361.**

### Venue

A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, (2) where the plaintiff resides if no real property is involved in the action. **Fed. Rule 28 U.S.C. 1391(e).**

## The Judgment against Plaintiff is Voided Due to The Court Lacked Jurisdiction to Enter Judgment

When a court enters a judgment when it doesn't or didn't have the jurisdiction or authority to do so, it is a void judgment. A void judgment is one which from its inception was a complete nullity and without any legal effect. **Lubben v. Selective Service System Local Bd. No. 2 7, 453 F.2d 645, 14 A.L.R. Fed. 298 (C.A. 1 Mass 1972)**. The lower court in this matter entered a judgment against the Plaintiff when the court never established personal jurisdiction. The County of Los Angeles and the other party "Clarinda Hampton" served court documents to an address where the plaintiff never lived and to a person the Plaintiff doesn't know nor has ever met. The summons and Complaint was served on an unknown person by the name of Sandra Jackson. (**See Exhibit "A" Proof of Service**). The Respondent will try and state that this matter has been heard and the Plaintiff can't re-litigate the issue. Res judicata consequences will not be applied to a void judgment which is one which from its inception is a complete nullity and without legal effect, **Allcock v. Allcock 437 N.E. 2d 392 (Ill. App. 3 Dist. 1982)**.

Personal jurisdiction refers to the court's adjudicatory authority to exercise its power over the person subject to suit. Specific jurisdiction refers to the situation when the suit "aris[es] out of or relate[s] to the defendant's contact (in this case the plaintiff) with the forum." **Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1994))**. The court never establishes personal jurisdiction due to the Plaintiff was never served.

Three to four months after default judgment was entered, the Plaintiff was served with the judgment at his job "Los Angeles Police department." A motion to set aside the default judgment was filed and a hearing was given. At the hearing, the Plaintiff stated he wasn't served and had no knowledge of the matter until he was served with the judgment. The Plaintiff argued that he never lived at the address that the summons was delivered to, nor did he know the person that was served.

Method of service pursuant to California Code of Civil Procedure §415.10 "Personal Service", "Substitute Service California Code of Civil Procedure §415.20(a) or Mailing Service

CCP §415.30. The process server made only one attempt and served the first person he or she came in contact with. As demonstrated in the accompanying Declaration signed by Mr. Phillip C. Frazier, Mr. Frazier confirmed that he lived at the address in question at the time of service. Mr. Frazier also confirmed that, at the time he lived at 1414 S. Orange Grove Avenue in apt#1, no one by that name visited nor resided at his address. As will as stating that no summons and complaint was ever delivered to his address for the Petitioner either by personal service or first class mail. **(See Exhibit "B" Declaration of Phillip Frazier).**

At the time of the motion to set aside the default judgment, the Petitioner was a Police Officer with the Los Angeles Police. Petitioner provide to the court paycheck stubs and other official documents to prove that he lived on 201 West 99th Street in Los Angeles with his wife and never resided at the address listed on the proof of service.

In California, the rule of court ensure parties are entitled to fundamental fairness. **<u>Cal. Code Civil Procedure §580</u>**. This includes giving defendants adequate notice of the action, any default judgment that results is voidable. ***Grappo v. McMills, (2017) 11 Cal.App.5th 996.*** While lack of notice renders a default judgment voidable, other instances where a default judgment is void. Unlike voidable judgments, a void judgment may be set aside at any time. A judgment is void when the court does not have the authority to issue the judgment. In other words, where the court does not have the proper jurisdiction, a default judgment is void. ***See Dhawan v. Biring, (2015) 241 Cal.App.4th 963***.

The Court must have both subject-matter jurisdiction as well as personal jurisdiction in order to enter a judgment.

**Under Federal law which is applicable to all states**, the U.S. Supreme Court stated that if a court is "without authority, its judgments and orders are regarded as nullities. They are **<u>not voidable, but simply void</u>**; and form no bar to a recovery sought, even prior to a reversal in opposition to them. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers.

Petition for Writ of Mandamus

## Default Should Be Dismissed Pursuant to Rule 12(b)(2)
## Federal Rule of Civil Procedures

Dismissal for lack of personal jurisdiction under Rule 12(b)(2) is a dismissal without prejudice, not with prejudice, because it is not a judgment on the merits. **_Guidry, 188 F.3d at 623 n.2_**. Personal jurisdiction is an essential element of the jurisdiction of a court, without which the court is powerless to proceed to an adjudication. **_Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)_**. A court must have both subject-matter and personal jurisdiction before determining the validity of a claim. **_Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994)_**. In this case, neither method under California Code of Civil Procedure §415.10 "personal service", §415.20(a) "Substitute Service", nor §415.30 "Mailing Service" was ever completed due to summons and complaint was given to unknown person and if mailed; would have been to the same address to the same unknown person.

A void judgment may be attacked at any time by a person whose rights are affected. See **_El-Kareh v Texas Alcoholic Beverage Comm'n, 874 S W 2d 192, 194 (Tex App —Houston [14th Dist.] 1994, no writ); see also Evans v. C. Woods, Inc., No. 12-99-00153-CV, 1999 WL 787399, at *1 (Tex. App.—Tyler Aug. 30, 1999, no pet. h.)_**.

The 14th amendment of the United States Constitution gives everyone a right to due process of law, which includes judgments that comply with the rules and case law. Most due process exceptions deal with the issue of notification. If, for example, someone gets a judgement against you in another state without your having been notified, you can attack the judgement for lack of due process of law. **_Griffen v. Griffen, 327 U.S. 220, 66 S. Ct. 556, 90 L. Ed. 635_**. The Fourteenth Amendment states: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." **_U.S. Const. amend. XIV_**.

## A Party Affected by VOID Judicial Action Need Not APPEAL.

The Child Support Service will argue that the Plaintiff didn't originally appeal the court the decision after attempting to have the default set aside by the lower Court.

**State ex rel. Latty, 907 S.W.2d at 486**. It is entitled to no respect whatsoever because it does not affect, impair, or create legal rights." Ex parte Spaulding, 687 S.W.2d at 745 (Teague, J.,concurring). If an appeal is taken, however, the **appellate court may declare void any orders the trial court signed after it lost plenary power over the case, because a void judgment** is a **nullity from the beginning and is attended by none of the consequences of a valid judgment**.

## Why The Writ Should Be Granted

In light of the above, a court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. A void judgment which includes judgment entered by a court which lacks jurisdiction over the parties or the subject matter, or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court. **Long v. Shorebank Development Corp., 182 F.3d 548 (C.A. 7 Ill. 1999)**. The lower court refused to address the issue even after documentation presented to show lack of jurisdiction, whereby the court had no authority to entertain the matter. When rule providing for relief from void judgments is applicable, relief is not a discretionary matter, but is mandatory, **Omer. V. Shalala, 30 F.3d 1307 (Cob. 1994)**. The Plaintiff was never given the opportunity to defend himself whereby the California Code Civil Procedure grants him the rights and privileges to do so.

THEREFORE, The Plaintiff respectfully request that this Honorable Court grant his Writ of Mandamus to set aside the Default Judgment or in alternative Quash Service of Summons and Complaint (Superior Court of Los Angeles case# BY347481).

Respectfully submitted,

Dated: December 14, 2020          By: _____
                                       Aaron Echols Sr
                                       Petitioner In Pro Per

# EXHIBIT A

```
GIL GARCETTI                          626-858-2505        FILED
LOS ANGELES COUNTY DISTRICT ATTORNEY                      LOS ANGELES SUPERIOR COURT
2934 E. GARVEY AVE 3RD FL, DIVISION 3
WEST COVINA CA 91791                  3-79909
ATTORNEY FOR (Name)                                       NOV 18 1998

LOS ANGELES SUPERIOR CT   CENTRAL CIVIL WEST              JOHN A. CLARKE, CLERK
600 S. COMMONWEALTH AVE.  LOS ANGELES, CA  90005
                                                          BY_____ DEPUTY
COLA V. AARON K. ECHOLS
                                                          BY347481
          154182
```

## PROOF OF SERVICE

1. AT THE TIME OF SERVICE I WAS AT LEAST 18 YEARS OF AGE AND NOT A PARTY TO THIS ACTION, AND I SERVED COPIES OF THE:

   SUMMONS & COMPLAINT, (PROPOSED) JUDGMENT, BLANK ANSWER, FINANCIAL STMNT. & MEDICAL INS. FORMS, CALIFORNIA CHILD SUPPORT HANDBOOK

2. PARTY SERVED: AARON KEITH ECHOLS

   ADDRESS: ON RECORD AT THE DISTRICT ATTORNEY'S OFFICE.
            ADDRESS MAY BE RELEASED ONLY UPON AN ORDER FROM THE COURT
            PURSUANT TO WELFARE & INSTITUTIONS CODE 11478.1 (c)(6).

3. I SERVED THE PARTY NAMED IN ITEM 2
   BY LEAVING THE COPIES WITH OR IN THE PRESENCE OF:
   SANDRA JACKSON                                    ,      CO-TENANT
   (HOME) A COMPETENT MEMBER OF THE HOUSEHOLD AT LEAST 18 YEARS OF AGE
   AT THE DWELLING HOUSE OR USUAL PLACE OF ABODE OF THE PERSON SERVED.
   I INFORMED HIM OR HER OF THE GENERAL NATURE OF THE PAPERS.
   ON:  09/26/98           AT:  8:53 AM

4. A DECLARATION OF DILIGENCE IS ATTACHED
   (A) BY MAILING THE COPIES TO THE PERSON SERVED, ADDRESSED AS SHOWN IN
   ITEM 2, BY FIRST-CLASS MAIL, POSTAGE PREPAID
   ON: 09/27/98                    FROM:  LOS ANGELES, CA
   THE "NOTICE TO THE PERSON SERVED" ON THE SUMMONS WAS COMPLETED AS FOLLOWS:
            AS AN INDIVIDUAL DEFENDANT. (CCP 415.20)

   5. PERSON SERVING : JESSE W. SIMMONS        FEE FOR SERVICE:    24.00

I DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT.
CONFORMS WITH JUDICIAL COUNCIL FORM #982  (A)  (23)

EXECUTED ON: 09/27/98

```
SPECIALIZED LITIGATION SERVICES              Jesse Simmons
P.O. BOX 39607                               EMPLOYEE
LOS ANGELES CA 90039                         IND. CONTRACTOR
(213)668-0088                                1031
LOS ANGELES COUNTY #1031                     LOS ANGELES
```

# EXHIBIT B

## DECLARATION OF PHILLIP C. FRAZIER II

I Phillip C. Frazier II, am not a party to this case, and if called as a witness, I could competently testify as follows:

1. I am now and at the time in question was over the age of 18.
2. I lived at 1414 S. Orange Grove Avenue, apt #1 from about February 1996 to January 2004.
3. At no period while I lived at 1414 S. Orange Grove Avenue, in apt #1 did I know a person by the name of Sandra Jackson nor did any person by that name reside or visit my address.
4. Doing the months presented to me, which is between June -September of 1998, I do not recall any person deliver any Summon and Complaint for Aaron Echols; nor did I receive any mail for Aaron Echols at my address.
5. The court can verify my address at the time through public or DMV records.

I declare under penalty of perjury under the laws of the State of California, that foregoing information is true and correct to the best of my knowledge.

Date: Nov. 14, 2019

Phillip C. Frazier II

A. ECHOLS
P.O. BOX 34196
LOS ANGELES, CA 90034

UNITED S
CENTRAL
ATTN: C
350 WES
LOS ANGE

014767



U.S. POSTAGE PAID
FCM LG ENV
CHINO HILLS, CA
91709
DEC 15, 20
AMOUNT
$2.20
R2304E106256-07

1024   90012

...TATES DISTRICT COURT
DISTRICT OF CALIFORNIA
...VIL INTAKE
... 1ST STREET
...LES, CA 90012



RECEIVED
CLERK, U.S. DISTRICT COURT
DEC 17 2020
CENTRAL DISTRICT OF CALIFORNIA
BY

