| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | JS-6 |

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 20-11625-JFW(AFMx)** | Date: January 4, 2021 |
| Title: | Aaron Echols, Sr. *-v-* Los Angeles County Child Support Services, et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Shannon Reilly | None Present |
| Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION

    On December 17, 2020, Petitioner Aaron Echols, Sr. ("Plaintiff") filed a Petition for Writ of Mandamus against Los Angeles County Child Support Services (the "County"). In his Writ of Mandamus, Plaintiff alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1361, which provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

    In this case, Petitioner is not requesting that the Court compel an officer, employee, or agency of the United States to perform a duty. Instead, Petitioner is requesting that the Court compel Los Angeles Superior Court to set aside a default entered against him. However, this Court has no jurisdiction to do so under 28 U.S.C. § 1361. *See, e.g., Demos v. U.S. Dist. Court for Eastern Dist. of Wash.*, 925 F.2d 1160 (9th Cir.1991) (holding that a federal court "lacks jurisdiction to issue writ of mandamus to a state court"). In addition, Plaintiff has not adequately alleged the facts essential to demonstrate subject matter jurisdiction on any other basis.

    Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal." *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); see also *Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

    Accordingly, the Court hereby **DISMISSES** this action for lack of subject matter jurisdiction.

    IT IS SO ORDERED.